# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
CONSTANCE CONNOR,             *
                             *      No. 18-1489V
              Petitioner,    *      Special Master Christian J. Moran
                             *
v.                           *      Filed: August 8, 2022
                             *
SECRETARY OF HEALTH          *      Attorneys' Fees and Costs
AND HUMAN SERVICES,          *
                             *
              Respondent.    *
* * * * * * * * * * * * * * * * * * * **
```

<u>John R. Taylor</u>, Zaytoun Law Firm, Raleigh, NC, for Petitioner;
<u>Lara A. Englund</u>, United States Dep't of Justice, Washington, DC, for Respondent.

### <u>UNPUBLISHED DECISION AWARDING</u>
### <u>ATTORNEYS' FEES AND COSTS</u>[1]

     Pending before the Court is petitioner Constance Connor's motion for final attorneys' fees and costs. She is awarded **$36,991.93.**

*    *    *

     On September 27, 2018, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the influenza vaccine she received on October 20, 2015,

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

caused her to suffer from bilateral adhesive capsulitis, hyperthyroidism, elevated intraocular pressure, and left heel pain. In an amended petition, petitioner also alleged that she sustained a left shoulder injury related to vaccine administration. On March 24, 2021, the parties filed a stipulation, which the undersigned adopted as his decision awarding compensation on the same day. 2021 WL 1618235 (Fed. Cl. Spec. Mstr. Mar. 24, 2021).

On October 25, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $26,080.15 and attorneys' costs of $14,831.00 for a total request of $40,911.15. Fees App. at 4. On October 27, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner did not file a reply thereafter.

*        *        *

In this case, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

2

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. at 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Petitioner requests the following hourly rates for the work of her counsel, Mr. John Taylor: $250.00 per hour for work performed in 2017, $265.00 per hour for work performed in 2018, $290.00 per hour for work performed in 2019, and $300.00 per hour for work performed in 2020 and 2021. These rates are consistent with what counsel has previously been awarded for his Vaccine Program work and shall be awarded herein. See, e.g., Feli v. Sec'y of Health & Human Servs., No. 19-582V, 2021 WL 3264449, at *2 (Fed. Cl. Spec. Mstr. Jun. 30, 2021).

B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing records and finds that an overall reduction is necessary for several reasons. First, many descriptions of work prepared by the paralegal, particularly those involving communication, are vague. Examples include entries reading "Review email from client and attachment", "Review email from client", "Email correspondence with client", "Numerous emails re case", and "Numerous emails with client and attorney."  As the Federal Circuit has previously ruled, disclosure of the general subject matter of billing statements does not violate attorney-client privilege and billing entries for communication should contain some indication as to the nature and purpose of the communication. See Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011). In this case, the vagueness of these entries makes it difficult for the

3

undersigned to determine whether the amount of time spent on the communication was reasonable, or whether it was even necessary in the first place.

Next, in the undersigned's experience there is an excessive amount of interoffice communication between Mr. Taylor and his staff. Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009); Raymo v. Sec'y of Health & Human Servs., 129 Fed.Cl. 691, 703-704 (2016); Rice v. Sec'y of Health & Human Servs., No. 15-1335V, 2018 WL 4784563, at*2 (Fed. Cl. Spec. Mstr. Aug. 27, 2018). In this case, it appears that Mr. Taylor's paralegal was more involved in the day-to-day workings of the case than the undersigned typically sees when reviewing fees motions, including frequent correspondence with Petitioner and preparation of most of the filings in this case. On the one hand, having a capable paralegal handle many of the tasks is an effective way to keep costs down since the paralegal's hourly rate is much less than that of Mr. Taylor. On the other hand, the amount of back and forth created by this arrangement has led to an excessive amount of time billed. For example, Mr. Taylor billed time to prepare and attend a status conference on October 23, 2018, while his paralegal billed half an hour to prepare Mr. Taylor for the status conference. There are also numerous examples of staff meetings and e-mails involving the drafting of documents, even routine filings such as status reports, such as billing entries on August 6, 2020, and October 5, 2020.

Finally, the undersigned has noted an excessive amount of time was expended on certain tasks, even setting aside the issue of interoffice communication. For example, on October 5, 2020, Mr. Taylor billed 0.4 hours speaking to his paralegal about preparing a status report and reviewing it before filing, while the paralegal billed 1.0 hours on the same communication with Mr. Taylor and to draft the report. The operative report was three sentences long, excluding the case caption and signature block. Additionally, over 6 hours was billed due to technical difficulties in filing the petition and exhibits on CMECF. The billing entries do not reflect the difficulties stemmed from any issue with CMECF on that day, rather it appears that counsel and his staff were unfamiliar with generally with the process and the size requirements for exhibits because the billing entries reference having to "revise exhibits to proper sizing."

For all these reasons, the undersigned finds that a fifteen percent reduction to the attorneys' fees is necessary to achieve "rough justice.' See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec.

Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). Accordingly, petitioner is awarded final attorneys' fees of $22,168.13.

    C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $14,831.00 in attorneys' costs. This amount is for acquisition of medical records, the Court's filing fee, postage, work performed by petitioner's medical expert, Dr. Naveed Natanzi. Fees App. Ex. 2, at 2. Petitioner has provided adequate documentation supporting the remainder of the requested costs and they appear reasonable in the undersigned's experience. Dr. Natanzi's hour's billed are reasonable, and his hourly rate of $475.00 has previously been approved by the undersigned. See Peterson v. Sec'y of Health & Human Servs., No. 17-732V, 2021 WL 2947435 (Fed. Cl. Spec. Mstr. Jun. 9, 2021).

The only reduction necessary is for $7.20 incurred for fax expenses, which are not typically reimbursed by the Vaccine Program because there is no actual cost incurred by faxing documents beyond the wear and tear on the office fax machine, which is more properly categorized as office overhead. Bourche v. Sec'y of Health & Human Servs., No. 15-232V, 2017 WL 2380936, at *5 n.5 (Fed. Cl. Spec. Mstr. May 11, 2017). Petitioner is therefore awarded $14,823.80 in attorneys' costs.

    D.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards a total of **$36,991.93** (representing $22,168.13 in attorneys' fees and $14,823.80 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and Mr. John Taylor.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master